**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ashley Nichole Imperialy, individually, and T.V.I., a minor child, by and through Ashley Nichole Imperialy, as parent and guardian,<br><br>Plaintiff,<br><br>v.<br><br>Sean Daniel Bush, et al.,<br><br>Defendants. | No. CV-23-1434-PHX-DGC<br><br>**ORDER** |

The parties filed a stipulation to extend the litigation schedule in this case for a third time. Doc. 45. The Court denied the extension because the parties had not shown good cause as required by Rule 16(b)(4) or the extraordinary circumstances the Court said would be required for additional extensions. Doc. 46; *see also* Doc. 40 ¶ 12. The parties have now filed a second stipulation seeking the third extension. Doc. 47. The Court has several observations.

First, the parties seek to extend some deadlines that have already expired, and that expired well before their first stipulation for a third extension. These include the May 24, 2024 deadline for Plaintiff's expert disclosures, the July 12, 2024 deadline for defense expert disclosures, and the July 26, 2024 deadline for Plaintiff's rebuttal expert disclosures. *See* Docs. 40 at 2, 47 at 3. These dates have passed and will not be

1

1  extended. If the parties had good cause for extending them, they should have sought
2  extension before the Court-ordered deadlines passed. *See Perez v. Macias*, No. 24-CV-
3  02725-DMR (PR), 2024 WL 2927186, at *3 (N.D. Cal. May 21, 2024) (explaining that,
4  "[u]pon a showing of good cause, requests for a reasonable extension of time will be
5  granted provided they are filed on or before the deadline they seek to extend"); *see also*
6  *Dunbar v. Twentieth Century Fox Television*, No. CV 22-1075-DMG (JCX), 2024 WL
7  2107712, at *10 (C.D. Cal. Mar. 8, 2024) ("[Plaintiff] does not provide any explanation
8  for why he failed to move or stipulate to extend the discovery deadline before it expired.
9  This does not reflect diligence on his part with respect to the discovery sought.");
10 *Grissom v. Freeport-McMoran Corp.*, No. CV-09-00728-PHX-DGC, 2010 WL 342585,
11 at *1 (D. Ariz. Jan. 29, 2010) (denying motion to extend deadline under where the party
12 waited until after the deadline expired before seeking an extension).

13      Second, the parties assert that they have encountered delays in scheduling
14 Plaintiff's independent medical examinations (IMEs) and deposition, and that this in turn
15 has delayed their mediation of the case. But the parties did not seek to schedule the IMEs
16 and deposition until late May, more than eight months after the start of discovery, and the
17 Court repeatedly advised the parties that it would not extend the litigation schedule to
18 accommodate settlement talks absent extraordinary circumstances. *See* Docs. 22 ¶ 9, 33
19 ¶ 9, 40 ¶ 9. The mediation, like the IMEs and other discovery, could have been
20 scheduled months ago.

21      Finally, the Court continues to conclude that the parties have not shown good
22 cause, much less extraordinary circumstances, to extend the schedule in this case. The
23 issues are not complex – the complaint asserts a single count of negligence. Doc. 1-4 at
24 4-6. And the litigation schedule has already been extended twice (*see* Docs. 33, 40),
25 ultimately allowing more than a year for completion of discovery. This is ample time for
26 all discovery to be completed through reasonable diligence.

27      Rule 16 provides that deadlines established in a case management order may "be
28 modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a

deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *see Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023). Because the schedule in this case could have been met through reasonable diligence, the parties have not shown good cause to extend the schedule further, much less the higher showing the Court said would apply (Doc. 40 ¶ 12).

Defendants note that Plaintiff delayed completion of her IMEs, with the second now scheduled for October 21, 2024. It also appears Plaintiff has not yet been deposed. The Court will permit the second IME to occur on October 21, 2024, and Plaintiff's deposition to occur in the two weeks following that date. This will avoid prejudice to Defendants from delays in the IMEs and depositions, but the schedule otherwise established in Doc. 40 will remain in effect.

The Court does not enter this ruling to be harsh. Three different discovery schedules and more than a year to complete fact and expert discovery have provided sufficient time to prepare this case for trial. "A scheduling order is not a frivolous piece of paper, idly entered," which can be disregarded by counsel without peril. *Johnson*, 975 F.2d at 610. "The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits . . . . Disregard of the order would undermine the court's ability to control its docket [and would] disrupt the agreed-upon course of the litigation[.]" *Id*.

Dated this 20th day of August, 2024.

David G. Campbell
Senior United States District Judge